UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 14-080M
:
SHAWN LEE :

**MEMORANDUM AND ORDER**

On June 12, 2014, Defendant appeared before the Court in this case for his Initial Appearance, Arraignment and a Bail Hearing. Based on a Financial Affidavit signed by him under penalty of perjury, I provisionally found Defendant to be financially eligible for court-appointed counsel, and he was provided court-appointed counsel, Michael Fontaine, Esquire, on that date. However, based on the contents of the Financial Affidavit, I reserved the right to require Defendant to make payments contributing to the cost of his defense.

**Discussion**

The Sixth Amendment of the United States Constitution provides a criminal defendant with the right to "assistance of counsel for his defense." Rule 5(d)(1)(B), Fed. R. Crim. P., requires that, at a defendant's initial court appearance on a felony charge, the court inform the defendant of his "right to retain counsel or to request that counsel be appointed if the defendant cannot obtain counsel." Each District Court must have "a plan for furnishing representation for any person [charged with a felony] financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). Local Rule CR 44(a) provides that, if the Court determines that the defendant is financially unable to retain private counsel, it shall appoint the Federal Defender or an attorney on the Court's Criminal Justice Act Panel (a "CJA Attorney") to represent the defendant at no cost.

However, if the Court later determines that a defendant has assets from which to pay attorneys' fees, it may, "at any time," order the defendant to pay all or any portion of any attorneys' fees incurred. Local Rule CR 44(a)(3); 18 U.S.C. §§ 3006A(c), (f).

Although the burden of establishing financial eligibility for court-appointed counsel is on the defendant, that burden does not require a showing of complete indigency or destitution. See United States v. Santiago-Fraticelli, 818 F. Supp. 27, 29-30 (D.P.R. 1993). As a practical matter, criminal defense counsel who are able to adequately handle felony cases in Federal Court require a substantial up-front payment of fees or a "retainer" before they will enter an appearance as defense counsel. Thus, in considering requests for court-appointed counsel, the Court must consider liquid assets at the time of initial appearance as well as total assets, income and expenses.

Currently, the CJA maximum for payment to Court-appointed counsel in felony cases such as this is $9,700.00 at a maximum hourly rate of $125.00. 18 U.S.C. § 3006A(d)(2). Based on Defendant's financial disclosure, I conclude that it is equitable based on his current financial situation, including his income, cash-on-hand, and real estate equity, to require Defendant to contribute $250.00 per month towards the costs of his defense until further ORDER of the Court.

**Conclusion**

For the foregoing reasons, I ORDER that Defendant Shawn Lee pay the amount of $250.00 per month to the Clerk as reimbursement towards the cost of court-appointed counsel pursuant to 18 U.S.C. § 3006A(f); Local Rule CR 44(a)(3). Such amount shall be paid monthly by the last day of the month commencing on June 30, 2014, and the Clerk shall arrange for such payment to be applied or credited to the Defender Services' Appropriation Fund. A further hearing on this issue will be held on November 14, 2014 at 10:00 a.m. If Defendant experiences a significant negative

change in his financial situation in the interim, his counsel may move for relief from or reduction of the contributions subject to providing an updated Financial Affidavit.

SO ORDERED



  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 13, 2014